IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JENNIFER BACA,

      Plaintiff,

vs.                                                                    Civ. No. 15-0151 KG/KBM

ACE AMERICAN INSURANCE
COMPANY, GALLAGHER
BASSETT SERVICES, INC.,
GENEX SERVICES, L.L.C.,
and MICHAEL RICHEY,

      Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

On January 27, 2015, Plaintiff Jennifer Baca filed her First Amended Complaint in the

First Judicial District Court, State of New Mexico, claiming negligent misrepresentation by

Defendant Michael Richey and GENEX, among other claims.  On February 20, 2015, Defendant

GENEX Services, Inc., removed the lawsuit, (Doc. 1), asserting the federal diversity jurisdiction.

28 U.S.C. § 1332(a).

      This matter comes before the Court upon Plaintiff's Motion to Remand to State District

Court, filed on March 13, 2015, (Doc. 9).  Defendants GENEX Services and Michael Richey

responded to the Motion on March 30, 2015, (Doc. 14), and Defendants ACE American and

Defendant Gallagher Bassett Services responded to same on April 3, 2015, (Doc. 17).  Plaintiff

Baca filed her Reply on April 17, 2015, (Doc. 20), and Defendants GENEX and Richey filed

their Surreply on August 31, 2015, (Doc. 47).[1]  The Court heard arguments from counsel in

telephonic hearings on August 27, 2015, (Doc. 51), and on November 5, 2015.  Having reviewed

---

[1] The Court granted Defendants GENEX's and Richey's Motion for Leave to file Surreply, (Docs. 22 and 46), and also granted Defendants GENEX's and Richey's Motion to Strike Plaintiff's Response to their Surreply.  (Docs. 50, 52, and 55).

the Motion, the accompanying briefs, arguments of counsel, and controlling authority, I deny the Motion.

*Background*

Plaintiff Baca is a resident and citizen of New Mexico. Defendant ACE American, Gallagher Bassett (GB), and GENEX are foreign corporations licensed to do business in New Mexico. Defendant Richey is a resident of New Mexico.

Plaintiff was employed as an independent contractor who leased trucks from Swift Transportation, Inc., and drove a truck under a contract with Swift. Swift purchased an occupational accident policy from ACE to provide coverage for Swift's independent truckers, including Plaintiff. Swift withheld premium payments from independent truckers' income to pay for the drivers' certificates. Plaintiff paid for two separate occupational accident insurance policies from ACE, and payments were deducted by Swift from her income. The policies provide medical and lost income benefits for drivers who become disabled. Swift contracted with GB to administer claims made under an occupational accident policy sold by ACE to Swift.

On November 4, 2012, Plaintiff was physically injured while hitching a trailer to her tractor as part of her work duties. She reported the injury to Swift the same day. Swift made the initial injury notification to ACE. GB adjusted the claims presented by or on behalf of Plaintiff. ACE and GB selected the physicians Plaintiff has seen for treatment of the medical conditions relating to her injury. Plaintiff applied for medical and disabilities benefits under the terms of her policy certificates. Plaintiff underwent an Independent Medical Examination (IME) and was assigned medical care managers. Defendant Richey is a medical case manager who worked with Plaintiff after the IME and coordinated her treatment.

Plaintiff's claim of negligent misrepresentation against Defendant Richey stems from the statements allegedly he made to her, including his promise to assist her in obtaining her benefits from ACE; including statements that (1) "she needed approval of treatment before getting medical appointments and prescriptions;" (2) certain medically needed services and prescriptions were not approved; and (3) ACE would pay for a psychiatric evaluation.

Plaintiff claims her condition became worse as a result of the denials of benefits, that certain essential treatments (e.g., Nerve blocks recommended in the IME) have not been approved or paid for by ACE or GB, and that ACE, GB and the medical case managers (i.e. Richey) have not coordinated Plaintiff's care.  Plaintiff claims her injuries required early intervention and aggressive treatment that were never received, resulting in permanent damage.

*Discussion*

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant …to the district court of the United States for the district . . . embracing the place where such action is pending."  28 U.S.C. § 1441(a); *Dutcher v. Matheson*, 733 F.3d 980, 984-85 (10th Cir. 2013).  A federal court has jurisdiction of a civil matter "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States . . . ."  28 U.S.C. § 1332(a).  Defendants assert the amount in controversy in this case exceeds $75,000, and Plaintiff does not contest that assertion.  The remaining jurisdictional question stemming from section 1332(a) is whether there is complete diversity in this case and, if not, whether this Court nevertheless has subject matter jurisdiction.  I find complete diversity in this case is lacking.  Specifically, both Plaintiff and Richey both are residents of New Mexico.

A case may be removed to federal court by a defendant based on diversity jurisdiction absent complete diversity when the plaintiff joined a nondiverse party in the state action in order to defeat federal jurisdiction.  *See Am. Nat'l Bank & Trust Co. v. Bic Corp.,* 931 F.2d 1411, 1412 (10th Cir. 1991) (stating, "[i]f . . . plaintiffs joined the Oklahoma residents without good faith, defendant may remove on the grounds of fraudulent joinder").  "To establish [fraudulent] joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  *Dutcher*, 733 F.3d at 988 (quoting *Cuevas v. BAC Home Loans Servicing*, LP, 648 F.3d 242, 249 (5th Cir. 2011).  There is no claim here of actual fraud.  As a result, this Court focuses on the second prong of the fraudulent joinder test.

Not unexpectedly, the parties here do not fully agree on the applicable standard for determining whether a party has been fraudulently joined such that removal is proper.  Nevertheless, this Court adopts the reasoning described by the Honorable James  Browning in *McGrath v. City of Albuquerque*, 2015 WL 4994735, which provides,

> [T]he test is whether the defendant has demonstrated that there is *no possibility* of recovery by the plaintiff against an in-state defendant, which stated differently means that there is *no reasonable basis* for the district court to predict that the plaintiff might be able to recover against an in-state defendant.  If there is no reasonable basis of recovery, then the court can conclude that the plaintiff's decision to join the in-state defendant was indeed improper, unless that showing compels the dismissal of all defendants.

*Id.* at 19-20 (emphasis added) (citing *Dutcher*, 733 F.3d at 988 and quoting *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d at 249).  "The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff."  *Dutcher*, 733 F.3d at 988 (quoting *Pampillonia v. RJR Nabisco, Inc.,* 138 F.3d 459, 461 (2d Cir. 1998)).  Indeed, the defendant seeking removal must overcome a presumption against removal.  The standard to establish fraudulent joinder "is more exacting than that for

dismissing a claim under Fed.R.Civ.P. 12(b)(6); indeed, the latter entails the kind of merits

determination that, absent fraudulent joinder, should be left to the state court where the action

commenced." *Montano v. Allstate Indemnity Co*., 211 F.3d 1278, 2000 WL 525592, at 2.

> *Negligent Misrepresentation*

 Defendants challenge Plaintiff's claim of negligent misrepresentation based on any

application of the Restatement of Torts (Second) § 552 in this context.  Section 552 provides:

> One who, in the course of his business, profession or employment, or in any other
> transaction in which he has a pecuniary interest, supplies false information for the
> guidance of others in their business transactions, is subject to liability for pecuniary loss
> caused to them by their justifiable reliance upon the information, if he fails to exercise
> reasonable care or competence in obtaining or communicating the information.

*Stotlar v. Hester*, 1978-NMCA-067, ¶ 12, 92 N.M. 26 at 29.  And Plaintiff has conceded that

point.  Tr. at 3 (Nov. 5, 2015).  (Plaintiff declining any reliance on Section 552 of Restatement).

Even so, I agree Section 552 plainly applies to business transactions and not to the circumstances

here.

Plaintiff maintains "New Mexico's courts allow parties, including Ms. Baca, to make

negligent representation claims under Section 311 of the Restatement of Torts (Second).  Baca is

allowed recovery when she can prove that negligent misrepresentations by Richey and GENEX

caused her physical harm."  (Doc. 9) at 5.  Plaintiff relies principally on *Davis v. Board of

County Comm'rs of Doña Ana County*, 1999-NMCA-110, 127 N.M. 785.  Defendants challenge

the negligent misrepresentation claim that is based on the Restatement of Torts (Second) § 311,

asserting "New Mexico has narrowly applied § 311 to cases involving negligent

misrepresentation by a former employer when providing an employee reference."

*Davis*

In *Davis*, the New Mexico Court of Appeals considered as a matter of first impression "whether an employer owes prospective employers and foreseeable third persons a duty of reasonable care not to misrepresent material facts in the course of making an employment recommendation about a present or former employee, when a substantial risk of physical harm to third persons by the employee is foreseeable."  127 N.M. at 787-88.  The claim in *Davis* stemmed from incidents of sexual harassment, sexual assault, and physical abuse of a female patient at the Mesilla Valley Hospital (MVH) by one of the hospital's mental health technicians, Joseph Herrera.  *Id.* at 788.  Before being hired by MVH, Herrera was employed as a detention and classification officer at the Doña Ana County Detention Center.  MVH's decision to hire Herrera was based in part on an unqualified, favorable recommendation from Herrera's supervisors at the Detention Center.  *Id.*

Significantly, Herrera was investigated for allegedly sexually harassing female inmates under his authority at the Detention Center.  Herrera's supervisor prepared an investigation report, which included allegations of making statements with sexual overtones and his desire for sex, sexual favors, taking female inmates into his office and closing the door, and other similar allegations.  *Id.* at 788-89.  His supervisor concluded Herrera's conduct had been "questionable" and "suspect," and as a result, recommended disciplinary action including suspension without pay, demotion, and reassignment.  Herrera resigned rather than proceed with further disciplinary proceedings.  On or about the same day he resigned, he asked the same supervisor for a letter of recommendation for future employment.  Within just three days, the supervisor wrote on County letterhead a glowing endorsement and omitted any mention of the disciplinary matter, writing, "To Whom It May Concern:  … I have had the distinct pleasure of working with … Herrera for

6

the past two years.  In my opinion, he is an excellent employee and supervisor . . . .  Employees

of his caliber are hard to find. . . .  I am confident that you would find [him] to be an excellent

employee."  *Id.* 789 (quoting letter, Frank A. Steele, Detention Administrator).  The New Mexico

Court of Appeals ruled section 311 of the Restatement applied to an employer's duty of care in

making employment references and the circumstances under which that duty extends to

foreseeable third persons and, hence, to the circumstances that gave rise to the claim in that case.

　　　Although the Court of Appeals held that the claim is cognizable in New Mexico, it is

clear the claim does not apply here.  Indeed, the Court of Appeals took great care to limit its

holding to a very narrow set of circumstances, acknowledging for instance that "[f]ew

jurisdictions have directly addressed duty in the context of misleading employer references."  *Id.*

at 791.  As it analyzed the elements of the claim, the Court cautiously determined there was

"nothing in the facts as alleged that would make the assault suffered by Plaintiff either too

remote as a matter of policy or unforeseeable as a matter of law."  *Id.* at 792.  The Court further

articulated the narrowness of its ruling, stating, "[w]e have sufficiently restricted the duty so as

not to encourage extensive litigation."  *Id.* at 794 (rejecting County's argument that imposing

duty of accurate representation on employer would amount to open invitation to litigation).

　　　Plaintiff in the instant case has failed to bring to my attention any authority to sufficiently

establish the claim is cognizable in the circumstances here.  Plaintiff offers *DiMarco v.*

*Presbyterian Healthcare Services, Inc.,* 141 N.M. 735 (N.M. Ct. App. 2007), but I find that case

inapplicable.  I find New Mexico's application of section 311 is narrow so as to not apply to the

circumstances presented in this case.  Therefore, I conclude there is no reasonable basis to

predict Plaintiff would recover against Defendant Richey on a claim of Negligent

Misrepresentation.

IT IS ORDERED that Plaintiff's' Motion to Remand (Doc. 9) is denied.

_____
UNITED STATES DISTRICT JUDGE