IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JENNIFER BACA,

      Plaintiff,

vs.                                                                    Civ. No. 15-0151 KG/KBM

ACE AMERICAN INSURANCE
COMPANY, GALLAGHER
BASSETT SERVICES, INC.,
GENEX SERVICES, L.L.C.,
and MICHAEL RICHEY,

      Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

On January 27, 2015, Plaintiff Jennifer Baca filed her First Amended Complaint in the

First Judicial District Court, State of New Mexico, claiming negligent misrepresentation by

Defendant Michael Richey and GENEX Services, Inc. ("GENEX"), among other claims.  On

February 20, 2015, GENEX removed the lawsuit (Doc. 1), asserting federal diversity

jurisdiction.  28 U.S.C. § 1332(a).  On February 27, 2015, GENEX and Richey filed a Motion to

Dismiss, (Doc. 6), which became fully briefed on April 2, 2015, (Docs. 11, 15).  On March 13,

2015, Baca filed a Motion to Remand to State District Court (Doc. 9), which was fully briefed,

including a surreply, on August 31, 2015, (Docs. 14, 17, 20, 47).  On June 12, 2015, Baca filed a

Motion for Leave to File Second Amended Complaint (Doc. 26), which became fully briefed on

July 6, 2015, (Docs. 27-29).

The Court held two telephonic hearings with oral arguments on the Motion to Remand,

one on August 27, 2015, (Doc. 51), and the second on November 5, 2015, (Doc. 61).  On

November 6, 2015, the Court entered a Memorandum Opinion and Order denying Baca's Motion

to Remand.  (Doc. 63).  On November 16, 2015, Baca filed a Motion to Reconsider the Court's

Denial of the Motion to Remand, (Doc. 67), which became fully briefed on December 29, 2015,

(Docs. 71, 76, 79, 85).

In this Memorandum Opinion and Order, the Court addresses the Motion to Reconsider,

Motion to Dismiss, and Motion for Leave to File Second Amended Complaint.  Having reviewed

the Motions, the accompanying briefs, the arguments of counsel, and controlling authority, the

Court will deny the Motion to Reconsider, grant the Motion to Dismiss, and deny the Motion for

Leave to File Second Amended Complaint.

*A.  Background*

Plaintiff Baca is a resident and citizen of New Mexico.  Defendants ACE American

("ACE"), Gallagher Bassett ("GB"), and GENEX are foreign corporations licensed to do

business in New Mexico.  Defendant Richey is a resident of New Mexico.

Baca was employed as an independent contractor who leased trucks from Swift

Transportation, Inc., and drove a truck under a contract with Swift.  Swift purchased an

occupational accident policy from ACE to provide coverage for Swift's independent truckers,

including Baca.  Swift withheld premium payments from independent truckers' income to pay

for the drivers' certificates.  Baca paid for two separate occupational accident insurance policies

from ACE, and payments were deducted by Swift from her income.  The policies provide

medical and lost income benefits for drivers who become disabled.  Swift contracted with GB to

administer claims made under an occupational accident policy sold by ACE to Swift.

On November 4, 2012, Baca was physically injured while hitching a trailer to her tractor

as part of her work duties.  She reported the injury to Swift the same day.  Swift made the initial

injury notification to ACE.  GB adjusted the claims presented by or on behalf of Baca.  ACE and

GB selected the physicians Baca has seen for treatment of the medical conditions relating to her injury.  Baca applied for medical and disability benefits under the terms of her policy certificates. Baca underwent an Independent Medical Examination ("IME") and was assigned medical care managers.  Richey is a medical case manager who worked with Baca after the IME and coordinated her treatment.

Baca's claim of negligent misrepresentation against Richey stems from the statements allegedly he made to her, including his promise to assist her in obtaining benefits from ACE; including statements that (1) "she needed approval of treatment before getting medical appointments and prescriptions:" (2) certain medically needed services and prescriptions were not approved; and (3) ACE would pay for a psychiatric evaluation.

Baca claims her condition became worse as a result of the denials of benefits, that certain essential treatments (e.g., Nerve blocks recommended in the IME) have not been approved or paid for by ACE or GB, and that ACE, GB, and the medical case managers (i.e. Richey) have not coordinated Plaintiff's care.  Plaintiff claims her injuries required early intervention and aggressive treatment that were never received, resulting in permanent damage.

B.  *Discussion*

   1.  *Motion to Reconsider*

      a.  *Reconsideration*

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration.  *Hatfield v. Bd. of County Comm'rs for Converse County*, 52 F.3d 858, 861 (10th Cir. 1995).  Federal Rule of Civil Procedure 54(b), nonetheless, provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties

and may be revised at any time before the entry of a judgment adjudicating all the claims." The Tenth Circuit has analyzed motions to reconsider interlocutory orders, like this one, under Rule 54(b) and looked to the standard used to review Fed. R. Civ. P. 59(e) motions for guidance in addressing those motions to reconsider. *Ankeney v. Zavaras*, 524 Fed. Appx. 454, 458 (10th Cir. 2013).

A Rule 59(e) movant carries the burden of demonstrating that the Court should alter or amend a judgment. *See, e.g., Winchester v. Wilkinson,* 2015 WL 2412175, at *2 (E.D. Okla.). Rule 59(e) relief is appropriate if there is new controlling law, new evidence not available previously, or a "need to correct clear error or prevent manifest injustice." *Ankeney,* 524 Fed. Appx. at 458 (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). Rule 59(e) does not allow a losing party to "revisit issues already addressed or advance argument that could have been raised in prior briefing." *Servants of the Paraclete*, 204 F.3d at 1012. The Court has discretion in deciding whether to grant or deny a motion to reconsider. *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

b. *Diversity Jurisdiction*

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district . . . embracing the place where such action is pending." 28 U.S.C. § 1441(a); *Dutcher v. Matheson*, 733 F.3d 980, 984-85 (10th Cir. 2013). A federal court has jurisdiction of a civil matter "where the matter in controversy exceeds the sum of value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a).

A case may be removed to federal court by a defendant based on diversity jurisdiction absent complete diversity when the plaintiff joined a non-diverse party in the state action in order to defeat federal jurisdiction.  *See Am. Nat'l Bank & Trust Co. v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991) (stating "[i]f . . . plaintiffs joined the Oklahoma residents without good faith, defendant may remove on the grounds of fraudulent joinder").  "To establish [fraudulent] joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  *Dutcher*, 733 F.3d at 988 (quoting *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011)).

The test for the second means of establishing fraudulent joinder is as follows:

> whether the defendant has demonstrated that there is *no possibility* of recovery by the plaintiff against an in-state defendant, which state differently means that there is *no reasonable basis* for the district court to predict that the plaintiff might be able to recover against an in-state defendant.  If there is no reasonable basis of recovery, then the court can conclude that the plaintiff's decision to join the in-state defendant was indeed improper, unless that showing compels the dismissal of all defendants.

*Id.* at 19-20 (emphasis added) (citing *Dutcher*, 733 F.3d at 988 and quoting *Cuevas*, 648 F.3d at 249).  "The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff."  *Dutcher*, 733 F.3d at 988 (quoting *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998)).  Indeed, the defendant seeking removal must overcome a presumption against removal.  The standard to establish fraudulent joinder "is more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6); indeed, the latter entails the kind of merits determination that, absent fraudulent joinder, should be left to the state court where the action commenced."  *Montano v. Allstate Indemnity Co.*, 211 F.3d 1278, 2000 WL 525592, at 2.

    *c. Arguments*

    Baca argues that the Court should reconsider its decision denying remand under Federal Rules of Civil Procedure 54 and 59(e) "because Plaintiff had originally alleged a basis for liability for Michael Richey that is based on misrepresentation under the New Mexico Insurance Code ("NMIC"), N.M.S.A. 1978 §§ 59A-16-20(A) and (N), 59A-16-3, and 59-A-16-4." (Doc. 67) at 3. Baca contends that the Court should have discussed the NMIC claim in the context of fraudulent joinder. Baca argues that the Court must consider amendments to the pleadings that would cure a defect suggesting fraudulent joinder. Specifically, Baca maintains that the Court should have considered the viability of a simple negligence claim against Richey in her proposed Second Amended Complaint as well as claims against Richey under the NMIC. While the proposed second amended complaint does not contain claims against Richey under the NMIC, Baca asserts that supplementary exhibits to her motion for leave to amend, (*see* Doc. 66) Exs. 1-16, support both simple negligence and NMIC claims.

    ACE and GB point out that Baca does not dispute this Court's reasons for finding fraudulent joinder as to her negligent misrepresentation claim against Richey. They then argue that any claims against Richey for common law negligence or misrepresentation under the NMIC fail as a matter of law. As to any NMIC claims, ACE and GB assert that while Baca's First Amended Complaint (and proposed Second Amended Complaint) includes claims against both ACE and GB for violations of the NMIC, Baca did not plead this claim against Richey. Even if Baca did assert an NMIC claim against Richey, ACE and GB argue that the scope of the NMIC does not include a "medical case manager." *See* NMSA 1978 § 59A-16-1. Further, they argue that as a medical case manager, Richey was not a party to the insurance contract and had no control over what treatment ACE would cover. ACE and GB also argue that a claim against

Richey for common law negligence would be futile.  They contend that, as explained in their briefing on the proposed amendment, that New Mexico "does not recognize a cause of action for negligent claim handling or negligent denial of coverage against an insurance carrier or its agents. . . . The relationship between an insurer and insured is a contractual one."  (Doc. 71) at 5.

Like ACE and GB, GENEX and Richey note that Baca does not challenge the Court's determination that the negligent misrepresentation claim against Richey is futile.  GENEX and Richey contend that Baca's arguments regarding simple negligence and NMIC claims are untimely and without merit.  GENEX and Richey argue that a motion to reconsider is not the appropriate time to raise arguments that could have been raised in the original motion to remand and that both new claims could have been raised earlier.  GENEX and Richey maintain that although Baca alleged that Richey was an agent of ACE and GB, Baca still only alleged NMIC claims against ACE and GB.  That is, they argue, the Court cannot be faulted for not recognizing that Baca may have intended to raise such claims earlier.  GENEX and Richey also argue that the Court did consider Baca's proposed amendment in deciding Baca's motion to remand, as Baca noted in her reply to the motion to remand that she would amend her complaint to include a simple negligence claim against Richey.  (*See* Doc. 20) at 8-9.  In addition, the Court held two oral arguments, each of which included discussion of simple negligence claims.  (Docs. 51, 61).  Further, GENEX and Richey argue that Baca failed to state a claim for negligence against Richey because the proposed Second Amended Complaint simply made a conclusory allegation that each Defendant was negligent.  Even if Baca's proposed Second Amended Complaint included more specific allegations, GENEX and Richey contend that a failure to perform the duties of a medical case manager would provide a basis for a contract, not a tort, claim.  Finally,

GENEX and Richey argue that an agent of an insurer does not owe a duty to the insured—rather, any duties owed here are of the insurer itself.

    *d.  Analysis*

As a preliminary matter, the Court notes that Baca does not request reconsideration of the Court's finding of fraudulent joinder based on Baca's inability to establish a cause of action against Richey for negligent misrepresentation.  Accordingly, the Court will not reexamine its findings or reasoning regarding this claim.  The Court will focus on Baca's arguments that the Court should reconsider its decision denying remand based on claims of simple negligence and violations of the NMIC.

First, the Court examines Baca's argument that the Court "failed to address undisputed law raised in the briefing on fraudulent joinder that amendments to the pleadings that would cure a defect must be considered in the analysis of whether a plaintiff has no reasonable basis for a claim against the non-diverse party."  (Doc. 67) at 3.  Baca contends that "no such consideration was evident in the telephonic hearing on November 5, 2015 nor in the Memorandum Opinion and Order dated November 6, 2015." (*Id.*)

Baca relies on *Nerad v. AstraZeneca Pharms., Inc.*, 203 F. App'x 911, 913 (10th Cir. 2006) (unpublished), to assert that "the fraudulent joinder analysis must include allegations not actually in the complaint, but that could be made through amendment."  (Doc. 20) at 8-9.  *Nerad* does not apply here.

The district court in *Nerad* found that a non-diverse defendant was properly joined with respect to fraud and misrepresentation.  203 F. App'x at 912.  While another defendant in that case argued that the plaintiff failed to plead the fraud and misrepresentation claims with sufficient particularity to satisfy Federal Rule of Civil Procedure 9(b), the district court

concluded that "[e]ven if the court were to determine that the claims are deficient in this regard, the court would authorize [the plaintiff] to file an amended complaint to include sufficient particularity." *Id.* The district court then determined that it lacked jurisdiction and remanded the case to state court. *Id.* at 914. The Tenth Circuit dismissed the appeal based on preclusion from appellate review under 28 U.S.C. § 1447(d).

The *Nerad* court did not state, however, as Baca appears to contend, that the Court must consider every claim that could conceivably be brought against a non-diverse defendant when conducting a fraudulent joinder analysis. The district court in *Nerad* looked only at whether an amendment would be allowed as a matter of course for claims listed in the complaint. 203 F. App'x at 914.

In the instant case, Baca brought a negligent misrepresentation claim against non-diverse Defendant Richey in her First Amended Complaint. (Doc. 1) Ex. 2 at 34. Baca originally did not raise a simple negligence claim or claims for violations of the NMIC. However, Baca has included a simple negligence claim against Richey in her proposed Second Amended Complaint. (Doc. 26) Ex. 1 at 19-20. The Second Amended Complaint does not include claims against Richey for violations of the NMIC.

Moreover, Baca did not raise claims against Richey for violations of the NMIC until she filed her Motion to Reconsider. (*See* Doc. 67) at 3. This issue could have been raised in prior briefing. Therefore, this Court declines to address any possible claims against Richey for NMIC violations in its ruling on the Motion to Reconsider. *Servants of Paraclete*, 204 F.3d at 1012. That is, the Court will not extend *Nerad* to consider claims Baca *might* have brought against Richey but failed to expressly include in her complaint.

In contrast, while Baca also did not bring a simple negligence claim against Richey in her First Amended Complaint, this Court was aware of Baca's intention to bring such a claim through her reply to the Motion to Remand, (Doc. 20) at 8-9, proposed Second Amended Complaint, (Doc. 26) Ex. 1, and the thorough discussion of the proposed claim at the August 27, 2015, telephonic hearing, (Doc. 51) at 5-11.[1]  Accordingly, the Court will examine for the purposes of fraudulent joinder analysis whether Baca would be unable to establish a simple negligence cause of action against Richey.

"[T]he difference between a tort and contract action is that a breach of contract is a failure of performance of a duty arising or imposed by agreement; whereas, a tort is a violation of a duty imposed by law."  *Kreischer v. Armijo*, 1994-NMCA-118, ¶ 6, 884 P.2d 827, 829 (quotation and citation omitted).  "The relationship between insurer and insured is a contractual one."  *Ambassador Ins. Co. v. St. Paul Fire & Marine Ins. Co.*, 1984-NMSC-107, ¶ 10, 690 P.2d 1022, 1024. The Court notes that the proposed Second Amended Complaint includes allegations that 1) Ace was Baca's insurer; 2) GB was an agent of Ace as administrator of the insurance policy; 3) GENEX was an agent of GB as a case manager company; and 4) Richey was an agent of GENEX as a case manager.  (Doc. 26) Ex. 1 at 19-20.  The insurance contract binds the insurer, and New Mexico recognizes a duty of good faith between the insurer and the insured. *Ambassador*, 690 P.2d at 1024.  A duty of good faith may also apply to related parties, such as

---

[1] While the Court and parties did not discuss the proposed simple negligence claim at the November 5, 2015, telephonic hearing, the Court instructed counsel that the purpose of the hearing was to provide an additional opportunity to supplement the briefing on the Motion to Remand and arguments made during the August 27, 2015, telephonic hearing.  *See* Transcript of Hearing ("Tr."), at 3:3-9 (taken November 5, 2015) (The Court's citations to the transcript of this hearing refer to the court reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.).

an insurance plan administrator.  *Wolf v. Prudential Ins. Co. of Am.*, 50 F.3d 793, 798 (10th Cir. 1995).

"This implied covenant [of good faith] is an exception to the general rule that only those obligations contained in the written agreement will be imposed upon the parties."  *Ambassador*, 690 P.2d at 1024.  "To impose a negligence standard on the insurer would violate this general rule and impose a duty that is not expressly provided for in the contract of insurance."  *Id.*  The New Mexico Supreme Court elaborated, "The covenant [of good faith] has never . . . been extended to protect against negligent conduct—no matter how grossly so.  Simply put, in contracts there is no implied covenant to exercise 'ordinary care,' or even 'slight care,' and the fact that the breaching party may not have acted with ordinary or slight care is immaterial to the questions whether the contract has been breached and, if so, what damages should be awarded for the breach."  *Paiz v. State Farm Fire & Cas. Co.*, 1994-NMSC-079, ¶ 31, 880 P.2d 300, 310.

Based on the principle that the relationships at issue in this case are solely contractual and/or subject to a duty of good faith, the Court finds that Baca would be unable to establish a claim for simple negligence against Richey.  The Court declines to allow a negligence claim against an agent of the insurer where a negligence claim cannot survive against the insurer itself. Accordingly, the Court concludes that adding a simple negligence claim against Richey would constitute fraudulent joinder and may not constitute a basis for remand of the case to state court. Upon reconsideration, the Court finds no need to change its decision to correct clear error or prevent manifest injustice and will deny the motion.

  2.  *Motion to Dismiss*

    a.  *Standard of Review*

A court, in accordance with Rule 12(b)(6), may dismiss a complaint for "failure to state a

11

claim upon which relief can be granted."  To decide a Rule 12(b)(6) motion to dismiss, courts are

restricted to considering the contents—or four corners—of the complaint and any "documents

incorporated by reference in the complaint; documents referred to in and central to the

complaint, when no party disputes its authenticity; and matters of which a court may take judicial

notice."  *Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1146 (10th Cir. 2013) (quotation

omitted).  A court may "take judicial notice of its own files and records, as well as facts which

are a matter of public record."  *Genesee Cnty. Emps.' Ret. Sys. v. Thornburg Mortg. Sec. Trust*

*2006-3*, 825 F. Supp. 2d 1082, 1122 (D.N.M. 2011) (quoting *Van Woudenberg v. Gibson*, 211

F.3d 560, 568 (10th Cir. 2000), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d

946, 955 (10th Cir. 2001)).  However, "'the documents may only be considered to show their

contents, not to prove the truth of matters asserted therein.'"  *Id.* at 1122-23 (quoting *Tal v.*

*Hogan*, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006)).

　　　　Courts must accept all well-pleaded allegations as true and must view them in the light

most favorable to the plaintiff.  *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v.*

*Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).  Rule 12(b)(6) requires that a complaint set forth the

grounds of a plaintiff's entitlement to relief through more than labels, conclusions and a

formulaic recitation of the elements of a cause of action.  *See Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 555 (2007).  "[N]aked assertions devoid of further factual enhancement" are

insufficient to state a claim.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

While a complaint does not need to include detailed factual allegations, "[f]actual allegations

must be enough to raise a right to relief above the speculative level...."  *Twombly*, 550 U.S. at

555.  In other words, dismissal of a complaint under Rule 12(b)(6) is proper only where it is

obvious that the plaintiff failed to set forth "enough facts to state a claim to relief that is plausible

on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows
> the court to draw the reasonable inference that the defendant is liable for the
> misconduct alleged.  The plausibility standard is not akin to a "probability
> requirement," but it asks for more than a sheer possibility that a defendant has
> acted unlawfully.  Where a complaint pleads facts that are "merely consistent
> with" a defendant's liability, it "stops short of the line between possibility and
> plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted).  Courts must draw on their "judicial experience and

common sense" to assess a claim's plausibility.  *Id*. at 679.

    *b. Analysis*

In their Motion to Dismiss, GENEX and Richey request that the Court dismiss the

negligent misrepresentation claim against them.  (Doc. 6) at 1.  In its prior Memorandum

Opinion and Order, this Court found that Baca failed to bring to its attention any authority to

sufficiently establish that a claim of negligent misrepresentation is cognizable in this case.  (Doc.

63) at 7.  As noted in that Memorandum Opinion and Order, Baca conceded that her claim for

negligent misrepresentation based on an application of the Restatement of Torts (Second) § 552

is out of context, ("Tr.") at 3, as that section applies to business transactions and not to the

circumstances here.  (Doc. 63) at 5.

The Court also concluded that Section 311 of the Restatement of Torts (Second), the

other basis upon which Baca claims negligent misrepresentation, does not show a cognizable

claim.  (*Id.*) at 5-7.  Section 311 has been applied narrowly in New Mexico to include only cases

involving negligent misrepresentation by a former employer when providing an employee

reference.  (*Id.*) at 7.

As to the motion to dismiss, for the same reasons outlined in the prior Memorandum

Opinion and Order, the Court concludes that Baca has failed to state a plausible claim against

Richey and GENEX for negligent misrepresentation.  Therefore, the Court will dismiss the

negligent misrepresentation claims against Richey and GENEX with prejudice.  Richey and

GENEX will be terminated as Defendants in this case.

    *3.  Motion for Leave to Amend*

      *a.  Standard of Review*

    Under Fed. R. Civ. P. 15(a)(2), "a party may amend its pleadings only with the opposing

party's written consent or the court's leave."  Moreover, Rule 15(a)(2) makes explicit that "[t]he

court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The purpose

of Rule 15(a)(2) is to provide litigants "the maximum opportunity for each claim to be decided

on its merits rather than on procedural niceties."  *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d

449, 456 (10th Cir. 1982).  The Tenth Circuit has set forth the Rule 15(a) motion to amend

standard as follows:

> Refusing leave to amend is generally only justified upon a showing of undue delay,
> undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure
> deficiencies by amendments previously allowed, or futility of amendment. It is well
> settled in this circuit that untimeliness alone is a sufficient reason to deny leave to amend,
> especially when the party filing the motion has no adequate explanation for the delay.
> Furthermore, "[w]here the party seeking amendment knows or should have known of the
> facts upon which the proposed amendment is based but fails to include them in the
> original complaint, the motion to amend is subject to denial."

*Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365-66 (10th Cir. 1993) (citations omitted).

Additionally, a district court may "properly deny a motion to amend when it appears that the

plaintiff is using Rule 15 to make the complaint a moving target . . . ." *Minter v. Prime Equip.*

*Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006) (quotation omitted).

*b. Analysis*

Baca's Motion for Leave to File Second Amended Complaint requests that the Court allow the addition of simple negligence claims against all Defendants.  (Doc. 26) at 1; (Doc. 26) Ex. 1 at 19-20.  The Court will deny leave to amend for two basic reasons.

First, Baca's proposed Second Amended Complaint is deficient in that it contains only a "formulaic recitation of the elements of [the negligence] cause of action."  *Twombly*, 550 U.S. at 555.  Although Baca provided supplemental exhibits to support her negligence claim, *see* (Doc. 66) Ex. 1, the four corners of the proposed Second Amended Complaint are "devoid of further factual enhancement."  *Iqbal*, 556 U.S. at 678; *see also Berneike*, 708 F.3d at 1146.

Second, the Court has already concluded in its fraudulent joinder analysis that Baca would be unable to establish a simple negligence cause of action against Defendants. Accordingly, the Court also finds that amendment to include a simple negligence claim would be futile and will deny leave to amend.

*C. Conclusion*

In accordance with the foregoing discussion, the Court denies the Motion for Reconsideration, (Doc. 67), grants the Motion to Dismiss, (Doc. 6), and denies the Motion for Leave to File a Second Amended Complaint, (Doc. 26).  The negligent misrepresentation claims against GENEX and Richey will be dismissed with prejudice, and GENEX and Richey will be terminated as Defendants in this case.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE